UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SQUARE 1 BANK, a North Carolina chartered bank,<br><br>Plaintiff,<br><br>v.<br><br>SIMPLE FLOORS, INC., a Georgia corporation; CFS CORPORATION, a purported Georgia corporation; and COMPLETE FLOORING SUPPLY CORPORATION, a Georgia corporation,<br><br>Defendants. | No. 11-CV-00680 RSM<br><br>TEMPORARY RESTRAINING ORDER |

This matter came before the Court upon the *ex parte* motion of plaintiff, Square 1 Bank (the "**Bank**"), for entry of a temporary restraining order (the "**TRO Motion**"). The TRO Motion was filed contemporaneously with the Summons and Complaint in the above-entitled action; the Bank's motion for appointment of a receiver to take control of defendant Simple Floors, Inc. ("**Simple Floors**"), its business and its assets, and to wind-down its business and sell its assets (the "**Receivership Motion**"), as more specifically set forth in the proposed Order Appointing Receiver, attached to the Receivership Motion; and declarations of Richard Suhl, David B. Levant, and Sarah I. Hale.

The Bank seeks to restrain the defendants and anyone acting in concert with them from taking (or permitting anyone else from taking) various actions with respect to Simple Floors'

TEMPORARY RESTRAINING ORDER - 1

1  assets between now and the time when a hearing can be held on the Receivership Motion, the
2  Court rules on that motion, and (if granted) the time when the receiver actually takes control of
3  Simple Floors, its business, and its assets.
4         The Bank has requested that its TRO Motion be heard without notice to defendants. In
5  support of that request, the Bank represented to the Court that it is extremely likely that
6  immediate and irreparable injury, loss, or damage will result if notice is given to any of the
7  defendants that the Bank is seeking a temporary restraining order.  As stated in the Declaration
8  of David B. Levant, one of the Bank's lawyers, the law firm that previously represented Simple
9  Floors has withdrawn from that representation, and Simple Floors has advised the Bank that it is
10 not currently represented by counsel.  Accordingly, no effort was made to give notice of the TRO
11 Motion to defendants' counsel, as the identity of such counsel, if any, is unknown.  No efforts
12 have been made to give notice to any of the defendants, for the stated reason that defendants are
13 in a position to move, hide, and divert Simple Floors' assets and the proceeds of the assets
14 between the time that notice is given and the time that a hearing on the TRO Motion may be
15 heard, and because Simple Floors and defendant CFS Corporation ("**CFS**") have, by entering
16 into a "Customer Consignment Agreement," previously demonstrated their intention and desire
17 to impair or defeat the Bank's security interest in certain valuable collateral, and because Simple
18 Floors, on the one hand, and defendants CFS and Complete Flooring Supply Corporation
19 ("**Complete Flooring**"), on the other hand (to the extent they are separate entities), each appear
20 to be related entities that share common Chief Executive Officers and places of business and can
21 be expected to act in concert in an effort to impair or defeat the Bank's security interest in
22 Simple Floor's assets.
23        The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as this is an action
24 between citizens of different states and the amount in controversy exceeds the sum of $75,000,
25 exclusive of interest and costs.  A portion of the collateral that is the subject of this action is
26 located within the Western District of Washington.

TEMPORARY RESTRAINING ORDER - 2

1   The Court has reviewed the Complaint, the Declarations of Richard Suhl, David B.
2   Levant, and Sarah I. Hale filed therewith, the Receivership Motion and the proposed Order
3   Appointing Receiver, and has heard argument of the Bank's counsel in support of the TRO
4   Motion. Based on the foregoing, the Court enters the following.

**ORDER**

8   NOW, THEREFORE, IT IS HEREBY ORDERED:

9   Subject to the Bank posting a surety bond in the principal amount of **$50,000** with the
10  Clerk of the Court, conditioned that the Bank shall pay such costs and damages as may be
11  sustained by any party found to have been wrongfully restrained, Defendants Simple Floors, CFS,
12  and Complete Flooring, and any and all persons acting in concert with any one or more of them
13  are hereby restrained and enjoined from doing, or from permitting or suffering any other person
14  or entity to do, any of the following for a period of fourteen (14) days after the date of entry of
15  this Order, subject to being dissolved prior thereto or extended further pursuant to Fed.R.Civ.P.
16  65(b)(2) to enable the Court to schedule, hear, and rule upon the Bank's Receivership Motion,
17  and (if the motion is granted) to enable the receiver sufficient time to take possession and control
18  of Simple Floors' business and assets:

19  1.  Damaging, dissipating, secreting, hiding, or misusing any of Simple Floors' tangible
20  or intangible assets (collectively, the "**Assets**"). The Assets include (without limitation): (a) all cash
21  on hand and funds in bank accounts and other accounts owned by Simple Floors and/or held on
22  its behalf in one or more accounts owned by any other person or entity, (b) all goods that have
23  been or are hereafter consigned to Simple Floors and that have not been sold to consumers in the
24  ordinary course of Simple Floors' business, whether or not such consigned goods are now or
25  ever were in Simple Floors' possession, (c) all proceeds of any of Simple Floors' assets,
26  including proceeds of consigned goods; and (d) all accounts and contract rights.

TEMPORARY RESTRAINING ORDER - 3

1    2.    Removing any of the tangible portions of the Assets from the location where they are currently located, except as necessary to deliver to consumer purchasers products previously sold to them in the ordinary course of Simple Floors' business at commercially reasonable prices; provided, however, that the proceeds of such sales shall be deposited into a business bank account owned by Simple Floors and held there until further Court order.

    3.    Selling, otherwise transferring, and/or agreeing to sell or transfer any of the Assets to any person or entity other than consumers in the ordinary course of Simple Floors' business (and only then at commercially reasonable prices).

    4.    Using any proceeds of sale of the Assets (including, without limitation, any funds received from collection of accounts) for any purpose other than paying (a) current wages earned by Simple Floors' employees at their normal pay rates for hours actually worked within the scope of their employment; (b) current, government mandated employment taxes payable as a result of such wages; (c) current sales taxes payable in connection with sales of the Assets; and (d) the Bank.

    5.    Granting any security interest, lien, or encumbrance in or on all or any portion of the Assets, or permitting any security interest, lien, or encumbrance to attach thereto.

    6.    Otherwise taking any action with respect to any or all of the Assets that foreseeably will (a) hinder or delay the Bank's recovery of the Assets or (b) that would impair the value of any of the Assets.

    7.    Removing any of the Assets (including proceeds) from the United States.

**The Court hereby sets the motion for a hearing on Tuesday, April 26, at 12:30 p.m.**

Dated this 21st day of April, 2011.

*/s/ Ricardo S. Martinez*
Ricardo S. Martinez
UNITED STATES DISTRICT JUDGE

TEMPORARY RESTRAINING ORDER - 4